## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| George L. Miller, Chapter 7 Trustee of the bankruptcy estates of American Business Financial Services, Inc. and subsidiaries,<br><br>          Plaintiff,<br><br>   v.<br><br>Anthony J. Santilli, Beverly Santilli, Albert W. Mandia, Jeffrey M. Ruben, Leonard Becker, Michael R. DeLuca, Harold E. Sussman, U.S. Bank National Association, JP Morgan Chase Bank, J.P. Morgan Securities, Inc., JPMorgan Chase & Co., Inc., Credit Suisse (USA), Inc., Credit Suisse First Boston, Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse First Boston Mortgage Capital, LLC, Bear, Stearns & Co., Inc., Bear Stearns Financial Products Inc., Bear Stearns Asset Backed Securities, Inc., Morgan Stanley & Co., Incorporated, Morgan Stanley Dean Witter & Co., Morgan Stanley ABS Capital I, Inc., and Morgan Stanley Mortgage Capital, Inc., and BDO Seidman, LLP,<br><br>          Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE:

       Removing parties, JP Morgan Chase Bank, J.P. Morgan Securities, Inc., JPMorgan Chase & Co., Credit Suisse (USA), Inc., Credit Suisse First Boston, Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse First Boston Mortgage Capital, LLC, Bear, Stearns & Co., Inc., Bear Stearns Financial Products Inc., Bear Stearns Asset Backed Securities, Inc., Morgan Stanley & Co., Incorporated, Morgan Stanley Dean Witter & Co., Morgan Stanley ABS Capital I, Inc., and Morgan Stanley

Mortgage Capital, Inc., (collectively, the "Financial Institution Defendants"), Anthony J.

Santilli, Beverly Santilli, Albert W. Mandia, Jeffrey M. Ruben, Leonard Becker, Michael

R. DeLuca, Harold E. Sussman, (collectively, the "Individual Defendants"), and BDO

Seidman, LLP (together, the "Defendants"), respectfully state as follows:

      1.      Pursuant to 28 U.S.C. §§ 1441 and 1452, the Defendants hereby remove the

above-captioned matter to the United States District Court for the Eastern District of

Pennsylvania.

      2.      This matter was removed once before on the basis that Plaintiff's fraudulent

transfer claim could only be based on federal law because, Defendants argued, Plaintiff lacked

standing to sue under state law.  This Court, looking at the Complaint, found no invocation of

federal law and ruled that, to the extent Defendants believed Plaintiff lacked standing under state

law, Defendants' "solution … is to move to dismiss" in state court.  This Court remanded the

case, Miller v. Santilli, et al, Civil Action No. 06-3587, 2007 WL 839981 (E.D.Pa. Mar. 15,

2007) ("Remand Order").

      3.      Recent events demonstrate that removal is again warranted.[1]  As this Court

suggested, Defendants, upon being remanded, immediately moved for judgment on the pleadings

or filed preliminary objections, as applicable, seeking dismissal of Plaintiff's fraudulent transfer

claim.  The court to which the matter was remanded, the Court of Common Pleas, Philadelphia

County, Pennsylvania ("State Court"), by order docketed and received by Defendants September

25, 2007 ("State Court Order"), ruled that the plaintiff, George L. Miller, (the "Trustee"), the

Chapter 7 trustee of the bankruptcy estates of American Business Financial Services, Inc. and

---

[1] BDO Seidman, LLP was joined to this action by writ of summons on April 15, 2007.
Accordingly, they were not a defendant or removing party to the prior removal.

subsidiaries (collectively, "ABFS"), did not have standing to pursue his fraudulent transfer claim under Pennsylvania state law, but nevertheless had a fraudulent transfer claim by virtue of 11 § U.S.C. 544(b).[2]  Exhibit 67 at 8 ("The Bankruptcy Code[, 11 U.S.C. § 544(b)], *gives the Trustee a claim* against ABFS under UFTA.") (emphasis added).

4.     Although as a result of the State Court Order the Trustee's fraudulent transfer claim arises under 11 U.S.C. § 544(b), the Trustee has not abandoned the section 544(b) claim. The Trustee is, in fact, now pursuing, in state court, a federal, section 544(b) claim.

5.     Thus, the Trustee's fraudulent transfer claim is a federal law claim, giving rise to federal jurisdiction under 28 U.S.C. § 1331.  See, e.g., Rahl v. Bande, 316 B.R. 127 (S.D.N.Y. 2004) (Court had federal question jurisdiction over section 544(b) claim); Moody v. Security Pacific Business Credit, Inc., 127 B.R. 958, 989 (W.D. Pa. 1991); see also In re Finley, 286 B.R. 163, 166, 170 (W.D. Wa. 2002).

6.     In addition, the Trustee's fraudulent transfer claim "arises under Title 11," providing jurisdiction under 28 U.S.C. § 1334(b).  See, e.g., Carlton v. Baww, Inc., 751 F.2d 781, 787 (5th Cir. 1985) (in action by trustee under Section 544(b) court stated that "[a] proceeding by a trustee to void a fraudulent conveyance clearly 'arises under title 11.'"); Rahl, 316 B.R. at 132; H.R. Rep. No. 595, 95th Cong., 2d Sess. 445-46 reprinted in 1978 U.S. Code Cong. & Ad.News 5787, 6401 ("Any action by the trustee under an avoiding power would be a proceeding arising under Title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter 11 of chapter 5 of title 11.").

---

[2] Section 544(b) provides: "… the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim …".  11 U.S.C. § 544(b).

7.     The Defendants may therefore remove the action based on the State Court Order, the effect of which is to hold that the Trustee has no cognizable state claim and has only a federal law fraudulent transfer claim.  In addition to permitting removals based on complaints and amended complaints, 28 U.S.C. § 1446(b) permits removal "after receipt by the defendant, … of a copy of an … *order or other paper* from which it may first be ascertained that the case is one which is or has become removable…."  28 U.S.C. § 1446(b) (emphasis added).  Accordingly, the Defendants now remove the case based upon the State Court Order and these changed circumstances.  See D.G. Fritzlen v. Boatmen's Bank, 212 U.S. 364, 369 (1909) ("it is not open to controversy that if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause."); In re Diet Drugs, 282 F.3d 220, 232 n.8 (3d Cir. 2002) ("[I]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible.") (quoting 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3739, 495-496 (3d ed. 1998)).

**The First Removal**

      8.     This action was originally commenced by the Trustee by the filing of a complaint[3] in the State Court alleging claims of, *inter alia*, fraudulent transfer and related state law claims against the Financial Institution Defendants, US Bank, and the Individual Defendants (the "State Court Action").  On August 11, 2006, the defendants filed their first Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, the district and division within which the State Court Complaint was filed ("First Removal").  In so removing, Defendants maintained:

- Removal of the State Court Action was proper under 28 U.S.C. § 1441, and jurisdiction was proper under 28 U.S.C.§ 1331, because Count IX, which asserts a fraudulent transfer claim, arises under the laws of the United States, either 11 U.S.C. § 544(b) or 11 U.S.C. § 548.  The Court also has supplemental jurisdiction over Counts I through VIII under 28 U.S.C. § 1367; and

- Removal of the State Court Action was also proper under 28 U.S.C. § 1452(a) because this Court has jurisdiction over the Trustee's claims under 28 U.S.C. § 1334(b).  Count IX, the fraudulent transfer claim, arises under Title 11 of the United States Code and is also related to ABFS's bankruptcy case (Case No. 05-10203) pending in the United States Bankruptcy Court for the District of Delaware.  Count IX is a core claim under 28 U.S.C. § 157(b)(2)(H).  Counts I through VIII are within this Court's jurisdiction under 28 U.S.C. § 1334 and thus removal is proper under 28 U.S.C. § 1452(a).  Such Counts are also removable on the basis of supplemental jurisdiction under 28 U.S.C. § 1367.

---

[3] The State Court Complaint is styled as *George L. Miller, Chapter 7 Trustee of the bankruptcy estates of American Business Financial Services, Inc. and subsidiaries v. Anthony J. Santilli, Beverly Santilli, Albert W. Mandia, Jeffrey M. Ruben, Leonard Becker, Michael R. DeLuca, Harold E. Sussman, U.S. Bank National Association, JP Morgan Chase Bank, J.P. Morgan Securities, Inc., JPMorgan Chase & Co., Credit Suisse (USA), Inc., Credit Suisse First Boston, Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse First Boston Mortgage Capital, LLC, Bear, Stearns & Co., Inc., Bear Stearns Financial Products Inc., Bear Stearns Asset Backed Securities, Inc., Morgan Stanley & Co., Incorporated, Morgan Stanley Dean Witter & Co., Morgan Stanley ABS Capital I, Inc., and Morgan Stanley Mortgage Capital, Inc.*, Case Number 060701225.

9.     On August 18, 2006, the Trustee moved to remand the case, arguing that this Court was required to abstain from hearing the case because "[n]o federal claims are asserted by the Trustee." Exhibit 4 at 3.  The Trustee argued that he was the "master of his complaint" and that he had "asserted no federal causes of action and [was] pursuing claims based *entirely* on state law."  Exhibit 4 at 7 (emphasis added), at 11 ("the Trustee did not bring the claims under § 544(b).").

10.     In opposing remand, the Defendants argued that the Trustee, regardless of his characterization of his Complaint, necessarily was pursuing a section 544(b) fraudulent transfer claim because he otherwise had no standing under state fraudulent transfer law to bring such a claim; that is because Pennsylvania's Uniform Fraudulent Transfer Act ("UFTA") creates a cause of action for "creditors" against debtors, see 12 Pa. C.S. § 5107, and the Trustee, proceeding on behalf of the debtor's estate, cannot be a creditor as well as a debtor. Accordingly, for the Trustee to have any fraudulent transfer claim, the Defendants argued the Complaint's Count IX must be read as an 11 U.S.C. § 544(b) claim, which gives rise to federal question and bankruptcy jurisdiction under 28 U.S.C. §§ 1441 and 1452.

11.     On March 15, 2007, this Court granted the Trustee's motion to remand, and remanded the case to the State Court. Miller v. Santilli, et al, Civil Action No. 06-3587, 2007 WL 839981 (E.D.Pa. Mar. 15, 2007).  This Court, then bound to examine removal jurisdiction based upon the only items before it — the Complaint and the Trustee's disclaimer of any cause of action under 11 U.S.C. § 544(b) – found that it was required to remand the case.  The "Trustee's complaint in this case does not mention federal law, nor does it invoke any special powers provided only by federal law." Miller, 2007 WL 839981 at *4.

6

12.     In response to Defendants' argument that the Trustee must be proceeding under federal law because he has no claim under state law, Pennsylvania's UFTA, the Court stated: "Plaintiff may or may not be permitted to recover under the UFTA, but he certainly may attempt to bring a cause of action under the law." Id. at *3. "Defendants' solution to this problem is to move to dismiss Count IX for failure to state a claim under the Uniform Fraudulent Transfer Act." Id. at *3, n.3. Hence, this Court held in the Remand Order that the Trustee was not, *at that time*, relying on section 544(b).

**The State Court Order**

13.     Once remanded to the State Court, the Defendants, following this Court's suggestion in its Remand Order, did indeed seek dismissal of the Trustee's fraudulent transfer claim under Count IX of the Complaint, on the basis that the Trustee was not a "creditor" under Pennsylvania's UFTA, and thus cannot bring a claim under that state law (but could under federal law).[4]  In the State Court Order, the court agreed that "the Trustee does not have standing" under Pennsylvania's UFTA and thus precluded the Trustee from proceeding with his fraudulent transfer claim under state law.  However, the State Court then determined that the Trustee would be allowed to proceed under federal law with a section 544(b) claim.  Exhibit 67 at 8 ("*The Bankruptcy Code gives the Trustee a claim* against ABFS under UFTA" in section 544(b).) (emphasis added), and at n.17.

14.     The Trustee has not sought reconsideration of the State Court Order and is clearly proceeding to prosecute his federal fraudulent transfer claim in State Court.  In effect, the

---

[4] The Financial Institution Defendants moved for dismissal by way of a motion for judgment on the pleadings and the other defendants, who had not yet answered the Complaint, thereafter moved for dismissal by way of preliminary objections filed with the court.  BDO Seidman, LLP had not yet been joined.

Trustee has elected to revoke his disclaimer of a cause of action under section 544(b), and his Complaint must be evaluated for removal purposes on the basis that it has now been recast to contain a claim under section 544(b).

15.     It is also clear that the Trustee is now proceeding with multiple, separate and independent fraudulent transfer claims against each of the defendants to the Trustee's Complaint. In his Complaint, the Trustee had sought to hold the Defendants "jointly and severally" liable.  In the State Court Order, the State Court held: "The defendants, however, cannot be found jointly and severally liable for the fraudulent transfers ABFS made to other defendants.  UFTA allows a creditor to sue only the specific transferee of a fraudulent transfer. … The Trustee claims that each defendant is the first transferee in its own transaction with ABFS, so each can be found liable under UFTA only for the amounts it improperly received from ABFS and not for anything other defendants obtained in separate transactions."  Exhibit 67 at 9.  Accordingly, the Trustee is proceeding against each defendant named in the Complaint with a separate and independent fraudulent transfer claim.

**Removal Jurisdiction**

16.     In light of these new events and changed circumstances (see 28 U.S.C. § 1446(b)), removal is proper under 28 U.S.C. § 1441, and jurisdiction exists under 28 U.S.C.§ 1331.  The section 544(b) fraudulent transfer claim described in the State Court Order arises solely under the laws of the United States, namely 11 U.S.C. § 544(b).[5]  See, e.g., Rahl v. Bande,

---

[5]  In addition to the fact that section 544(b) creates a cause of action where none otherwise exists for the Trustee, there are other differences between a section 544(b) fraudulent transfer claim and a Pennsylvania UFTA fraudulent transfer claim that make clear that a section 544(b) is a different, federal cause of action.  For example: 1) the Bankruptcy Code, in creating a new action under section 544(b), also created, in 11 U.S.C. § 546, a new and different statute of limitations scheme applicable to section 544(b) claims; and 2) recovery under Pennsylvania's UFTA goes to

316 B.R. 127 (S.D.N.Y. 2004) (Court had federal question jurisdiction over section 544(b) claim); Moody v. Security Pacific Business Credit, Inc., 127 B.R. 958, 989 (W.D. Pa. 1991) (asserting jurisdiction over trustee's 11 U.S.C. § 544(b) claims under both 28 U.S.C. §§ 1331 and 1334); see also In re Finley, 286 B.R. 163, 166, 170 (W.D. Wa. 2002) ("Federal law provides the bankruptcy trustee with the rights of an unsecured creditor, but the extent of a trustee's rights are determined by state law. ... The rights of a trustee under 11 U.S.C. § 544(a) is a federal question ..."). The Court also has supplemental jurisdiction, 28 U.S.C. § 1367, over the Trustee's remaining claims not already dismissed by the State Court Order.[6]

17.     Removal of the State Court Action is also proper under 28 U.S.C. § 1452(a) because this Court has jurisdiction over the Trustee's claims under 28 U.S.C. § 1334(b). The section 544(b) fraudulent transfer claim described in the State Court Order arises under Title 11 of the United States Code, and the action is clearly related to ABFS's bankruptcy case (Case No. 05-10203) pending in the United States Bankruptcy Court for the District of Delaware; indeed, the action is all that effectively remains of the bankruptcy case. The section 544(b) claim is a core claim under 28 U.S.C. § 157(b)(2)(H). The remaining claims not already dismissed by the State Court Order are within this Court's jurisdiction under 28 U.S.C. § 1334 and thus removal is proper under 28 U.S.C. § 1452(a). Such Counts are also removable on the basis of supplemental jurisdiction under 28 U.S.C. § 1367.

---

the plaintiff creditor, whereas recovery under section 544(b) goes to the estate for the benefit of all unsecured creditors, even those who did not have their own UFTA claim to avoid a transfer, see Buncher Co. v. Official Comm. Of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir. 2000).

[6] The State Court Order dismissed Count IV of the Complaint as to individual defendants Leonard Becker, Michael R. DeLuca, and Harold E. Sussman; Counts V, VI, and VIII as to US Bank; and Count VII as to all defendants.

18.     U.S. Bank National Association, ("US Bank"), which remains in the case on only one claim, the Trustee's fraudulent transfer claim against it, has not consented to this removal. US Bank's consent is not required because, among other reasons: 1) unanimous consent is not required for removal under 28 U.S.C. § 1452; and 2) US Bank is a nominal and not indispensable party.

19.     This notice is not a waiver of any rights to a jury trial on the Trustee's claims or any defenses to the Trustee's claims.  If and to the extent this proceeding or any of the claims within this proceeding are non-core, Defendants do not consent to the entry of final orders or any judgment by a bankruptcy court.

20.     This proceeding relates to the action styled as *In re American Business Financial Services, Inc. Noteholder Litigation*, Master File No. 05-232, currently pending before the Honorable Thomas N. O'Neill, Jr., Senior District Judge for this Court.[7]

21.     The Defendants will simultaneously file a copy of this Notice of Removal with the State Court, pursuant to Federal Rule of Bankruptcy Procedure 9027(c) and 28 U.S.C. § 1446(d).  The Defendants have also served a copy of this Notice of Removal on the Trustee's counsel, pursuant to Federal Rule of Bankruptcy Procedure 9027(b) and 28 U.S.C. § 1446(d).

22.     A true and correct copy of all process, pleadings and orders in the State Court Action is attached as Exhibits 1-67.

---

[7] Nor does BDO Seidman, LLP waive the right to argue that any claims by the Trustee against the firm are subject to arbitration.

Dated:  October 25, 2007                    Respectfully submitted,
         Philadelphia, PA


_____          _____
Steven B. Feirson                       Andrew N. Goldman  (w/permission TLC)
Michael L. Kichline                     Douglas F. Curtis
Tara L. Cooney                          James H. Millar
Sarah L. Westbrook                      *Wilmer Cutler Pickering Hale and Dorr LLP*
*Dechert LLP*                           399 Park Avenue
Cira Centre                             New York, NY  10022
2929 Arch Street                        Tel.  (212) 230-8800
Philadelphia, PA  19104                 Fax  (212) 230-8888
Tel.  (215) 994-4000
Fax  (215) 994-2222


*Counsel for Defendants JP Morgan Chase    Counsel for Defendants Credit Suisse (USA),*
*Bank, J.P. Morgan Securities, Inc., JPMorgan  Inc., Credit Suisse First Boston, Credit Suisse*
*Chase & Co., Bear, Stearns & Co., Inc., Bear  First Boston Mortgage Securities Corp., and*
*Stearns Financial Products Inc., Bear Stearns  Credit Suisse First Boston Mortgage Capital,*
*Asset Backed Securities, Inc., Morgan Stanley  LLC*
*& Co., Incorporated, Morgan Stanley Dean*
*Witter & Co., Morgan Stanley ABS Capital I,*
*Inc., and Morgan Stanley Mortgage Capital,*
*Inc.*


_____          _____
Timothy E. Hoeffner                     Marc J. Sonnenfeld
*Saul Ewing LLP*                        Karen Pieslak Pohlmann
Centre Square West                      Morgan, Lewis & Bockius LLP
1500 Market Street, 38th Floor          1701 Market Street
Philadelphia, PA  19102                 Philadelphia, PA 19103
Tel:  (215) 972-7711                    Tel.  (215) 963-5572
Fax  (215) 972-1875                     Fax  (215) 963-5000


*Counsel For BDO Seidman, LLP*          *Counsel For Defendants Leonard Becker,*
                                        *Michael R. DeLuca & Harold E. Sussman*

_Vincent J Marriott III (with permission TLC)_

Vincent J. Marriott III
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel. (215) 665-8500
Fax (215) 665-8999

_Counsel For Anthony J. Santilli_

_Nancy Gellman (with permission TLC)_

Nancy J. Gellman
Patricia M. Hamill
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
Tel. (215) 864-8065
Fax (215) 864-0065

_Counsel For Defendant Albert W. Mandia_

_M. Norman Goldberger (with permission TLC)_

M. Norman Goldberger
Laura E. Krabill
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
Tel. (215) 977-2532
Fax (215) 405-2532

_Counsel For Beverly Santilli_

_M Duncan Grant (with permission TLC)_

M. Duncan Grant
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel. (215) 981-4343
Fax (215) 864-0065

_Counsel for Defendant Jeffrey M. Ruben_